UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| HOWARD E. MARTIN, III, | : | Case No. 1:23-cv-205 |
| Petitioner, | : | |
| vs. | : | Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Elizabeth P. Deavers |
| TIM SHOOP, WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, Howard E. Martin, III, is a prisoner in state custody.  On April 13, 2023, Petitioner submitted to the Court a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," instituting this case, No. 1:23-cv-205.  (*See* Doc. 1).  In it, Petitioner challenges the 2017 convictions and sentences imposed on him in the Hamilton County, Ohio, Court of Common Pleas.  (Doc. 1, PageID 29).

Petitioner previously filed a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" challenging the same 2017 convictions and sentences imposed on him in the Hamilton County, Ohio, Court of Common Pleas.  In Case No. 2:22-cv-4423, also captioned *Howard E. Martin, III v. Tim Shoop, Warden, Chillicothe Correction Institution*, Petitioner submitted nearly the same petition.  (*See* Doc. 14 in Case No. 2:22-cv-4423).  The Court has ordered Respondent to answer and the case remains pending before Judge Morrison and Magistrate Judge Litkovitz.  (*See* Doc. 13 in Case No. 2:22-cv-4423).

It is not clear why Petitioner submitted a similar but not identical petition to this Court a few days after he submitted the Petition in Case No. 2:22-cv-4423.  (*Compare* Doc. 14, PageID

127 in Case No. 2:22-cv-4423 (petition was submitted on April 6, 2023) *with* Doc. 1, PageID 43 in Case No. 1:23-cv-205 (Petition was submitted on April 12, 2023)).[1]  He did not indicate that the Petition in this case was an amended petition, nor did he include the previous case number in the caption of this Petition.  (*See* Doc. 1, PageID 29).  Petitioner did, however, include a partial application to proceed *in forma pauperis* with the Petition, which may suggest that he intended to institute a new case.  (*See* Doc. 1, PageID 44-52).

Upon review of both petitions, the Undersigned concludes the Petition that instituted this case is duplicative of the operative petition filed earlier in Case No. 2:22-cv-4423.  This Petition, and this case, should be dismissed.

"A federal district court has the inherent power to dismiss an action when it is duplicative of another action pending in that court."  *White v. Ohio*, No. 3:22-cv-237, 2022 WL 9584100, at *1 (S.D. Ohio Sept. 6, 2022), *report and recommendation adopted*, 2022 WL 9584127 (S.D. Ohio Sept. 29, 2022); *see also Baldwin v. Marshall & Ilsley Fin. Corp.,* No. 1:11-cv-804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (and numerous cases cited therein), *report and recommendation adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012).  The Supreme Court of the United States has explained that "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," have given rise to the "general principle" that duplicative litigation in the federal court system is to be avoided.  *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) (cleaned up).

---

[1] It appears that the April 6 petition filed in Case No. 2:22-cv-4423 was the fourth petition filed in that case.  (*See* Doc. 1, 4, 6, 14).  It does not appear that leave was sought or granted to file an additional petition in that case.  *See generally* 28 U.S.C. § 2242, ¶ 3; Fed. R. Civ. P. 15(a)(2) (concerning amended pleadings; applicable here under Rule 12 of the Rules Governing Section 2254 Cases in the District Courts).

Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** this case, No. 1:23-cv-205, **WITHOUT PREJUDICE** to Petitioner's continued prosecution of his habeas corpus claims in Case No. 2:22-cv-4423. Any request to submit additional petitions in that case should be made in that case.

The Undersigned further **RECOMMENDS** that the Court **DENY** a certificate of appealability, as reasonable jurists would not debate whether this matter is duplicative of Case No. 2:22-cv-4423. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *White v. Ohio*, No. 3:22-cv-237, 2022 WL 9584127, at *1 (S.D. Ohio Sept. 29, 2022) (concluding that "any appeal from this Court's decision [dismissing a duplicative habeas case] would be objectively frivolous").

Finally, the Undersigned **RECOMMENDS** that the Court **CERTIFY** that any appeal of the Court's dismissal would not be taken in good faith, and on that basis **DENY** Petition leave to proceed *in forma pauperis* on appeal.

## NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

May 18, 2023                                         *s/ Elizabeth A. Preston Deavers*
                                                     ELIZABETH A. PRESTON DEAVERS
                                                     UNITED STATES MAGISTRATE JUDGE